UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PABLO RAMOS<br>    Plaintiff<br><br>v.<br><br>AUTO HOUSE OF LUXURY, LLC AND<br>WESTLAKE SERVICES, LLC d/b/a<br>WESTLAKE FINANCIAL SERVICES<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>SEPTEMBER 12, 2018 |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 *et seq.* ("RISFA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

### II. PARTIES

2. Plaintiff Pablo Ramos is a consumer residing in West Hartford, Connecticut.

3. Defendant, Auto House of Luxury, LLC ("Auto House"), is a Connecticut limited liability company that operates a licensed automobile dealership in Plantsville, Connecticut.

4. Defendant, Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake Financial") is a California corporation with a principal place of business in

Los Angeles, California, and it is registered with the Connecticut Department of Banking as a sales finance company.

### III.   JURISDICTION

5.   This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.   This Court has jurisdiction over Auto House because it is located in Connecticut and it is organized under Connecticut law.

7.   This Court has jurisdiction over Westlake Financial because it regularly conducts business in the state of Connecticut.

8.   Venue in this Court is proper because the Plaintiff resides in Connecticut and the transaction alleged herein occurred in this state.

### IV.   FACTUAL ALLEGATIONS

9.   Prior to September 23, 2017, Auto House advertised a 2007 Lexus GS 350 (the "Vehicle") for a sale price of $11,888.

10.   The advertisement for the Vehicle did not disclose a dealer conveyance fee.

11.   Plaintiff scheduled an appointment to test drive the Vehicle, and on or about September 23, 2017, he went to Auto House and met with salesman Moe Iljazi ("Iljazi").

12.   Plaintiff agreed to purchase the Vehicle for the advertised sale price of $11,888, and he paid Auto House a down payment of $10,000.

13.   Auto House prepared a Retail Purchase Order that listed a cash sale price of $12,387, an amount that was $499 more than the advertised sale price of the Vehicle.

14.   The Retail Purchase Order also listed a down payment of $10,000.

15. The Retail Purchase Order included a charge of $599 for a dealer conveyance fee and $2,650 for a service contract.

16. Auto House told Plaintiff the service contract was for a four year period when in fact it was only a two year policy.

17. The Retail Purchase Order included a charge of $850 for a GAP contract that Plaintiff neither requested nor desired, and which would offer no benefit to Plaintiff because he paid a large down payment and the Vehicle never had negative equity.

18. Plaintiff financed the balance of $7,460.61 pursuant to a retail installment contract (the "Contract") that was assigned by Auto House to Westlake Financial.

19. The Contract listed a cash down payment of $6,500, even though Plaintiff had paid Auto House $10,000.

20. The Contract did not include the charges for the GAP addendum or service contract which were listed in the Purchase Order.

21. Plaintiff was not provided with a copy of the Contract and was not permitted an opportunity to review the Contract before signing it.

22. Auto House told Plaintiff that if Westlake Financial asked him how much his down payment was, he was to tell Westlake Financial it was $6,500.

23. Westlake Financial contacted Plaintiff and asked him to verify the details of the transaction, and Plaintiff told Westlake Financial that he had paid Auto House a $10,000 down payment.

24. Plaintiff obtained a copy of the Contract from Westlake Financial, and learned that the Contract inaccurately stated a down payment of $6,500.

25. As of August 24, 2018, the Vehicle was in Auto House's possession for repairs.

26. On or about August 24, 2018, Plaintiff, by his attorney, sent written notice to Auto House and Westlake Financial that he elected to rescind the purchase due to fraud perpetrated by Auto House.

27. The written notice included a demand upon the Defendants for Plaintiff's claims.

28. Defendants have not refunded to Plaintiff the down payment of $10,000 or the payments Plaintiff made under the Contract.

29. Westlake Financial is subject to these claims and to Plaintiff's defenses under the Contract in accordance with the terms of the Contract.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT (Both Defendants)

30. Auto House violated TILA in connection with the Contract by failing to accurately itemize the amount financed by including the full down payment.

31. Auto House further violated TILA by failing to provide Plaintiff with a copy of the Contract which contained the required Truth in Lending disclosures required by 15 U.S.C. § 1638 in a form he could keep prior to the consummation of the transaction.

32. Auto House also violated TILA by failing to disclose the GAP addendum and service contract charges in the Contract.

33. Auto House charged more for the Vehicle than the advertised price, both by utilizing a cash price that was greater than the advertised amount and by failing to apply the full down payment to the purchase.

34. Some or all of the increased price was added as an incident to the extension of credit because Westlake Financial, a subprime lender, charged a fee to accept assignment of the contract.

35. This increased price would not have been charged in a comparable cash transaction to purchase the Vehicle, and Auto House violated TILA by improperly including the increased cost of the Vehicle as part of the amount financed and not including it in the finance charge.

36. Auto House is liable to Plaintiff for actual damages plus additional statutory damages under 15 U.S.C. § 1640(a)(2)(A)(i) and (a)(3) of double the finance charge up to $2,000, and attorney's fees and costs.

### B. RETAIL INSTALLMENT SALES FINANCE ACT (Both Defendants)

37. By inaccurately listing the amount paid for a down payment, Auto House violated RISFA, Conn. Gen. Stat. § 36a-771(a), which requires that all essential provisions of the contract be included in the retail installment contract.

38. Through its violations of TILA, as pled above, Auto House further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

39. By failing to provide Plaintiff with a copy of the Contract at the time of execution, Auto House further violated RISFA, Conn. Gen. Stat. § 36a-771(a), which requires that all essential provisions of the contract be included in the retail installment contract.

40. Auto House and Westlake Financial have been restored to their pre-contractual position as nearly as possible because the Vehicle was returned to them.

41. Plaintiff is entitled to a rescission of the Contract due to the violations of RISFA.

### C. RESCISSION OF THE CONTRACT FOR FRAUD (Both Defendants)

42. Auto House committed fraud or material misrepresentation in the transaction within the meaning of Conn. Gen. Stat. § 42a-2-721 by failing to disclose the full down payment paid by Plaintiff, because the essential terms of the Contract are false as a result of understating the down payment.

43. Auto House's fraudulent statements or material misrepresentations were tortious in nature and were made in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained.

44. Plaintiff served notice that he elected to rescind the transaction.

45. For Auto House's fraud, Plaintiff is entitled to an order that the purchase is rescinded, a return of the $10,000 down payment and a return of all payments made under the Contract totaling $3,117.15.

### D. CONNECTICUT UNFAIR TRADE PRACTICES ACT (Both Defendants)

46. Auto House engaged in unfair and deceptive acts and practices in violation of CUTPA as follows:

   a. The violations of TILA and RISFA as aforedescribed;

   b. It sold the Vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price;

    c. It charged a dealer conveyance fee that had not been disclosed in its advertisement, in violation of Conn. Gen. Stat. § 14-62a, a *per se* violation of CUTPA by operation of Conn. Agency Reg. 42-110b-28(b)(23);

    d. It misappropriated a large portion of his down payment and did not credit it towards the purchase;

    e. It engaged in price gouging by selling Plaintiff the GAP addendum that he neither requested nor desired, and which provided no benefit to Plaintiff because he paid a large down payment and therefore the Vehicle never had negative equity; and

    f. It told Plaintiff that it was providing him with a four year service contract when in fact it was only a two year policy.

47. Plaintiff has suffered ascertainable losses of money or property in that he lost his $10,000 down payment and the payments he made under the Contract.

48. The defendants are liable to the Plaintiff for his actual damages plus punitive damages and a reasonable attorney's fee and costs.

49. Plaintiff is also entitled to equitable relief in the form of an order that the Contract is rescinded and that Plaintiff has no further liability thereunder.

Wherefore, Plaintiff claims actual damages, TILA statutory damages of $2,000; punitive damage, and attorney's fees and costs; an order rescinding the contract, and a return of the down payment and payments made under the Contract.

                PLAINTIFF, PABLO RAMOS,

                By: _____
                Daniel S. Blinn (ct02188)
                dblinn@consumerlawgroup.com
                Consumer Law Group, LLC
                35 Cold Spring Rd. Suite 512
                Rocky Hill, CT  06067
                Tel. (860) 571-0408
                Fax (860) 571-7457